UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81350-CV-ROSENBERG
(CASE NO. 15-80077-CR-ROSENBERG)
MAGISTRATE JUDGE REID

MARVIN LESTER, III,

Movant,

v.

UNITED STATES OF AMERICA,

Respondent.
_____________________________________/

# **REPORT OF MAGISTRATE JUDGE**

## I. Introduction

This Cause is before the Court upon Movant's *pro se* motion to vacate under 28 U.S.C. § 2255 [ECF No. 1],[1] attacking the constitutionality of his conviction and sentence entered following a guilty plea in Case No. **15-80077-CR-ROSENBERG**.[2] This case has been referred to the Undersigned for issuance of all preliminary orders

---

[1] Citations to [ECF] refer to docket entries in the instant case, Case No. 19-81350-CV-ROSENBERG. Citations to [CR-ECF] refer to docket entries in the underlying criminal case, Case No. 15-80077-CR-ROSENBERG.

[2] Case No. 15-80077-CR-ROSENBERG was originally assigned to Judge Daniel T.K. Hurley. On January 31, 2018, Case No. 15-80077-CR-ROSENBERG was reassigned to Judge Robin L. Rosenberg. [CR-ECF No. 337].

and recommendations to the district court regarding dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

In response to the Undersigned's Limited Order to Show Cause [ECF No. 4], Respondent argues that Movant's case should be dismissed because it was not timely brought within the one-year statute of limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255(f). [ECF No. 6 at 7-8]. Movant filed a reply and asserts that his Motion is timely pursuant to 28 U.S.C. § 2255(f)(4). [ECF No. 7].

Accordingly, upon review of the entire record in this case, including Movant's § 2255 Motion [ECF No. 1] and Reply [ECF No. 7], as well as the Government's Response [ECF No. 6], and all relevant records from the underlying criminal case, the Undersigned **RECOMMENDS** that the Motion [ECF No. 1] be **DISMISSED** as untimely.

## II. Background

Movant pleaded guilty to (Count 1)--conspiracy to possess with intent to distribute 100 grams or more of heroin and a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1),(b)(1)(B) and (C). [CR-ECF No. 179]. On January 5, 2016, he was sentenced to a total of 90 months' imprisonment, followed by four years' supervised release. [CR-ECF No. 270]. On the same day, Judgment was entered. [*Id*.].

Movant did not file an appeal with the United States Court of Appeals for the Eleventh Circuit. On October 3, 2019,[3] Movant filed this § 2255 Motion.[4]

## III. Legal Analysis

1) Statute of Limitations

Pursuant to 28 U.S.C. § 2255(f), the one-year limitation period "shall run from the latest of –

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3] In the Government's Response, they assert that this motion was filed on October 3, 2018 [ECF No. 5 at 3]; however, "2018" appears to be a scrivener's error as Movant contends that he submitted this Motion on October 3, 2019. [ECF No. 7 at 1].

[4] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *see also* Fed. R. App. 4(c)(1).

*a) § 2255(f)(1)*

As noted above, the district court entered Movant's judgment of conviction on January 5, 2016. Movant did not appeal. Thus, for § 2255(f)(1) purposes, the judgment became final fourteen days later on **January 19, 2016**. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); *Ramirez v. United States*, 146 F. App'x 325, 326 (11th Cir. 2005) (per curiam) (citing Fed. R. App. P. 4(b)(1)(A)(I), (6)). However, Movant signed and dated this Motion on **October 3, 2019**, more than **two years and eight months** after the one-year limitation period expired under 28 U.S.C. § 2255(f)(1). Therefore, his Motion is untimely.

*b) § 2255(f)(2)-(3)*

Movant does not argue nor does the record support a finding that he is entitled to statutory tolling under § 2255(f)(2)-(3).

*c) § 2255(f)(4)*

Movant asserts that his Motion is timely under § 2255(f)(4), which provides that the one-year limitation period "shall run from the latest of – the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *See* [ECF No. 7].

In his Motion, he asserts that "[b]eginning on or about December 24, 2018, [he] filed multiple Freedom of Information Requests ("FOIA's"), where [he] requested: (1) unredacted copies of all applications, affidavits[,] and search warrants

that authorized the use of a stingray or other electronic devices (in any format); and (2) unredacted copies of all applications, affidavits[,] and search warrants that authorized the search a storage shed that was rented in [his] name (Marvin Lester, III).” [ECF No. 1 at 4]. He further alleges that “[i]n 2019, after exhausting his remedies under FOIA, [he] discovered that the government violated [his] Fourth Amendment Rights by engaging in illegal searches and seizures of [his] property-without first obtaining a valid search warrant.” [*Id*.].

He asserts that “the Government used its illegally obtain evidence to obtain a federal indictment and guilty plea in [his] case[,] . . . and if not for the Government’s use of illegally obtained evidence, [he] would not have been indicted in [his criminal case], and therefore, . . . would not have [pled] guilty.” [*Id*.].

In Movant’s Reply, he asserts that “[a]fter multiple attempts to obtain copies of the warrants and warrant affidavits used in [his] prosecution and conviction, [he] received a letter from the Department of Justice[,] . . . stating that these warrant and warrant affidavits could not be found . . . .” [ECF No. 7 at 1, 4-5]. He contends that this confirms his “assertion that the evidence used to convict him was obtained without a valid search warrant, in violation of his [Fourth] Amendment rights.” [*Id*.].

Accordingly, he asserts that he filed this Motion “within one-year of the date on which these facts supporting his claim were discovered.” [*Id*].

However, in the stipulated factual basis in support of Movant's plea agreement, which he signed on September 20, 2015, he agreed to a detailed recitation of the Government's evidentiary basis to support a finding probable cause to obtain search warrants, as well as numerous instances where the Government obtained search warrants. *See* [CR-ECF No. 179 at 7-12].

As indicated by Movant's stipulated factual basis, he was aware of the above information, by the latest, September 20, 2015, the date he signed the stipulated factual basis. Therefore, the above facts contradict Movant's argument that he discovered within one-year of filing this Motion, "that the government violated [his] Fourth Amendment Rights by engaging in illegal searches and seizures of [his] property- without first obtaining a valid search warrant." [ECF No. 1 at 4]. In fact, the above information wholly contradicts that the government engaged in any illegal searches and seizures.

Moreover, in addition to Movant's admission to the facts outlined above in the stipulated factual basis [ECF No. 179], and contrary to Movant's claims in his Motion, the Government asserts that all of the interceptions seized as a result of the judicially authorized wiretaps, including calls, text messages, GPS location data, and line sheets for each call, as well as copies of all search warrants, photos of evidence seized, and all relevant evidence underlying the criminal case were provided to Movant through defense counsel as discovery in the underlying criminal matter. *See*

[CR-ECF Nos. 46, 92, 133].

Even so, if Movant suspected that the Government "violated [his] Fourth Amendment Rights by engaging in illegal searches and seizures," [ECF No. 1 at 4], aside from this claim being contradicted by the evidence above, Movant did not file this Motion within one year of the date on which due diligence would have uncovered the facts supporting his purported claim.

"The due diligence standard requires that a prisoner make "reasonable efforts" to discover the factual predicate of his claim." *Lanier v. United States*, 769 F. App'x 847, 849 (11th Cir. 2019). "If [Movant] did not exercise due diligence, a court is required to speculate about the date on which the relevant facts could have been discovered." [*Id*.].

Here, Movant did not make any "reasonable efforts" to discover the factual predicate of his purported claim. *See Lanier*, 769 F. App'x at 849. Movant asserts that he only began to file Freedom of Information requests, pertaining to search warrants and affidavits in his underlying criminal case, on December 24, 2018, almost two years after his judgment of conviction became final. *See* [ECF No. 1 at 4]. In his Motion, Movant did not provide the Court with any reason for his almost two-year delay with respect to his FOIA requests for search warrants, applications, and affidavits. *See* [*id*.]; *see also Lanier*, 769 F. App'x at 850 (finding that Movant

"did not exercise due diligence" where he waited more than two years before inquiring about a Rule 35 motion).

Movant did not exercise due diligence, and therefore, the Court is required to speculate about the date on which Movant could have discovered his purported claim with regard to the alleged illegal search and seizures. *See Lanier*, 769 F. App'x at 849. As stated above, Movant signed the stipulated factual basis on September 20, 2015, where agreed to a detailed recitation of the facts describing the Government's numerous obtained search warrants.

Therefore, if Movant suspected that the government engaged in illegal searches and seizures, in contradiction to the stipulated factual basis upon which he agreed, he could have made a "reasonable effort" and requested copies of the search warrants from the Department of Justice as of the date of his plea agreement, or at the latest, as of the date of his sentencing, on January 5, 2016. *See Smith v. Sec'y*, No. 213CV382FTM38MRM, 2016 WL 3570915, at *2 (M.D. Fla. July 1, 2016) (finding that although Petitioner claims he did not discover information pertaining to police informant until he filed a Freedom of Information Act request, Petitioner acknowledged that he was aware of the recorded statements at the time he waived his *Miranda* rights and provided incriminating statements; therefore, "[n]one of the arguments Petitioner raises actually involve new evidence to trigger a later start date for the one-year limitations period because the factual predicate for the claims were

available prior to trial"); *see also Trent v. United States*, No. 2:14-CR-40, 2019 WL 1245070, at *7 (E.D. Tenn. Mar. 18, 2019) ("The Court finds that a petitioner exercising due diligence could have discovered the facts regarding the legality of the search warrant . . . and other proposed claims that rely on newly discovered evidence at least at the time his plea agreement was entered on December 15, 2014, or at the latest (assuming but not finding that the contents of his plea agreement were unknown to him in December 2014), at the time of his sentencing on April 9, 2015.").

Accordingly, Movant did not exercise due diligence, and in conjunction with the various reasons discussed above, he cannot qualify under § 2255(f)(4) for a renewed AEDPA statute of limitations. *See United States v. James*, 323 F. App'x 746, 750 n.1 (11th Cir. 2009) (federal prisoner's claims alleging errors in the calculation of federal sentence and disputing the evidence of his guilt would be governed by § 2255(f)(1), not (f)(4)); *see also Abdullah v. United States*, 2012 WL 4475730 at *2 (M.D. Ala. July 20, 2012) (statute of limitations under § 2255(f)(4) not applicable where "all of the facts underlying [Movant's] claim were known—or could have been known—at sentencing."). As such, Movant's § 2255 Motion is untimely.

2) Equitable Tolling

Section 2255 is subject to equitable tolling. *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). But, equitable tolling is proper only if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted); *see also Lugo v. Sec'y, Fla. Dep't of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("[T]he allegations supporting equitable tolling must be specific and not conclusory.") (citation omitted).

Movant has not alleged that equitable tolling excuses his untimely filing. As a result, he has not met his burden.

In summary, because Movant's motion is untimely, the Court recommends that it be dismissed.

**IV. Evidentiary Hearing**

Movant is not entitled to an evidentiary hearing. As discussed above, "the motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]" *See* 28 U.S.C. § 2255(b). On this record, there is no basis to infer that movant would be able to develop facts at an evidentiary hearing sufficient to overcome § 2255(f)'s time bar.

## V. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus [or motion to vacate] has no absolute entitlement to appeal, but must obtain a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253 (c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). This Court should issue a certificate of appealability only if the prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253 (c)(2). To merit a certificate of appealability, prisoners must show that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

Where, as here, a district court denies a habeas action solely on procedural grounds, the prisoner must show that reasonable jurists would find the district court's assessment of the constitutional claims and procedural ruling debatable or wrong to merit a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 474, 484 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935-36 (11th Cir. 2001).

In this case, there is no basis to issue a certificate of appealability. If Movant disagrees, he should present his argument to the attention of the District Judge in objections.

## VI. Recommendations

Based on the foregoing, it is recommended:

1. That Movant's § 2255 motion [ECF 1], be **DISMISSED** as untimely;

2. That no certificate of appealability issue;

3. That judgment be entered for Respondent; and,

4. The case **CLOSED**.

Objections to this report may be filed with the district court within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district court judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

**SIGNED** this 21st day of August, 2020.

UNITED STATES MAGISTRATE JUDGE

cc: **Marvin Lester, III**
07948-104
Milan
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
Milan, MI 48160
PRO SE

United States of America
represented by Noticing 2255 U.S. Attorney
**Jennifer C. Nucci**
United States Attorney's Office
500 S. Australian Avenue
Suite 400
West Palm Beach, FL 33401
Email: Jennifer.nucci@usdoj.gov